**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD EARL GEIGER, ) | |
|     Plaintiff, ) | CASE No. 2:15-cv-01439-RFB-CWH |
| v. ) | |
| STEVEN CARPENTER, *et al.*, ) | **SCREENING ORDER** |
|     Defendants. ) | |
| _____ ) | |

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to *Bivens*[1] and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1, 1). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* established that claims for constitutional violations against federal official could be vindicated by a suit for damages in federal court.

Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the

framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

Plaintiff, who was formerly incarcerated at Nevada Southern Detention Center ("NSDC"), has filed a *Bivens* action against several defendants.[2] (ECF No. 1-1 at 1-3). NSDC is a Corrections Corporation of America facility, in Pahrump, Nevada. Prior to his transfer to NSDC, Plaintiff was incarcerated at the Federal Correctional Complex in Victorville, California ("Victorville"). (*Id*. at 4). The majority of Plaintiff's allegations stem from events that occurred while he was incarcerated at Victorville. These include: his legal materials were improperly confiscated from him and not returned, he was placed in a non-handicap cell in which he could not rotate his wheelchair, he was subjected to an abusive and medically prohibitive transfer (to NSDC), and physically injured during the transfer process. (*Id*. at 4-9). With respect to allegations that involve defendants located in Nevada, Plaintiff alleges that defendant Goodman confiscated his legal material and other property and shipped it to a location where it was not available to Plaintiff and that defendant Carpenter failed to ensure that

---

[2] The docket indicates that Plaintiff is now incarcerated at the Tucson Federal Correctional Institution in Tucson, Arizona.

3

Transportation Corporation of America ("TCA") used valid medical documents to determine what type of vehicle to use for prisoner transportation (*Id*. at 6, 13).

### A.     Allegations against NSDC Defendant Goodman

As an initial matter, although the Supreme Court has limited an inmate's ability to bring a *Bivens* damages action against a private entity under contract with the federal government and its employees, the Supreme Court has acknowledged an inmate's ability to bring a suit to federal court for injunctive relief against the federally contracted private entity.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (holding that inmates have full access to remedial mechanisms established by the federal agency, including suits in federal court for injunctive relief).

Plaintiff is not entitled to bring a claim for monetary damages against NSDC defendant Goodman.  The United States Supreme Court has declined to extend *Bivens* to confer a right of action for damages against a private corporation operating a federal prison or employees of private corporations.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Minneci v. Pollard*, __ U.S. __, 132 S.Ct. 617, 626 (2012).  Because a claim for monetary damages is barred, Plaintiff would only be entitled to injunctive relief against defendant Goodman. However, Plaintiff is no longer incarcerated at NSDC.  Any request for injunctive relief against Defendant Goodman is moot.  *See Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir.1985); *Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir.1995).  Defendant Goodman is dismissed with prejudice, as amendment would be futile.

### B.     Allegations against Defendant Carpenter

Plaintiff includes Steven Carpenter, the United States Marshal Service's "contracting officer's technical representative", as a defendant when he lists all the named defendants at the beginning of his complaint.  (*See* ECF No. 1-1 at 2, 5).  The only allegation against defendant Carpenter is included in the "Request for Relief" section of Plaintiff's complaint where he seeks compensatory damages in the amount of $1,000 from defendant Carpenter for "failing to ensure that TCA uses valid medical status documents to determine what type of vehicle to use for prisoner transportation."  (*Id*. at 12-13).

Plaintiff has failed to state a claim against defendant Carpenter. This allegation is vague and is not tied to any alleged constitutional violation. Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). Plaintiff has not alleged what constitutional right defendant Carpenter has violated or *how* his conduct violated any such right. Plaintiff's singular allegation against defendant Carpenter is far too vague to state a claim for relief. Accordingly, any claim against defendant Carpenter is dismissed without prejudice.

Because of the Court's conclusions regarding the other defendants (*see infra*), the Court will direct Plaintiff to file a new complaint and new application to proceed *in forma pauperis* if he wishes to bring a claim against defendant Carpenter. The Court will **not** allow leave to amend.

### C.     Allegations against California Defendants

The majority of Plaintiff's complaint involves events and defendants while he was incarcerated in Victorville, California. (*See generally* ECF No. 1-1 at 4-9). The only allegations involving events or persons in Nevada are described above. The defendants that have not yet been dismissed reside in California. (*See id*. at 2-3).

Pursuant to 28 U.S.C. § 1391(b), a plaintiff may bring an action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1-3). Pursuant to 28 U.S.C. § 1406(a), if a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that the District of Nevada is not the appropriate venue for this action because a substantial part of the events giving rises to the claims did not occur in

5

the District of Nevada and the two defendants that reside within this District have been dismissed. Therefore, the Court will dismiss this action in its entirety, without prejudice.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **denied** as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court **shall file** the complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that defendant Goodman is **dismissed with prejudice**, as amendment would be futile.

**IT IS FURTHER ORDERED** that defendant Carpenter is **dismissed without prejudice.** Plaintiff may file a new complaint and new application to proceed *in forma pauperis* in a new action if he wishes to pursue a claim against defendant Carpenter.

**IT IS FURTHER ORDERED** that the rest of the complaint is **dismissed without prejudice** for improper venue.

**IT IS FURTHER ORDERED** that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED: 5th day of February, 2016.

_____
RICHARD F. BOULWARE, II
United States District Judge